**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINDEN PICTURES, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>NIAGARA FALLS REPORTER, INC.,<br>and DOES 1-10,<br><br>　　　　　　　Defendants. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

Plaintiff, Minden Pictures Inc., ("Plaintiff"), by its undersigned attorneys, Rath,

Young and Pignatelli, PC, for its complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.　　This is a case of willful copyright infringement in violation of 17 U.S.C.

§§ 106(1), 501, and 1202.

2.　　Plaintiff seeks compensatory and statutory damages in an amount to be established

at trial.

### PARTIES

3.　　Plaintiff Minden Pictures Inc. is a California Corporation with a principal place

of business at 9565 Soquel Drive, Suite 202, Aptos, California, 95003.

4.　　Upon information and belief, defendant Niagara Falls Reporter, Inc. ("NFR

Defendant") is a corporation duly organized and existing under the laws of New York, with a

principal place of business at 209 Sweet Briar Road, Tonawanda, New York 14150.

5.      Defendants Does 1 through 10 ("Doe Defendants" and together with NFR Defendant, collectively, "Defendants") are currently unknown to Plaintiff and, as such, are identified in this action with fictitious names.  Upon information and belief, each of the Doe Defendants are legally responsible at least in part for the events and actions constituting the conduct damaging Plaintiff.  Plaintiff will seek leave of Court to amend this complaint to identify and include the actual names and capacities of the Doe Defendants after Plaintiff obtains such information.

## JURISDICTION AND VENUE

6.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

7.      Personal jurisdiction over Defendants is proper.  Defendants are conducting business in this judicial district and committing torts in this state, including without limitation copyright infringement which causes harm in this state and judicial district.

8.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.      **Plaintiff's Business**

9.      Plaintiff is recognized as the premier provider of rights managed wildlife and nature stock photos and feature stories, with a collection that covers key aspects of natural history, ecology, biodiversity and endangered species from all continents including many remote and isolated regions.  Its photographic works represent the finest images by an award-winning group

2

of natural history photographers including many regular contributors to *National Geographic* and are represented in collections by Nature Picture Library, National Geographic, Frank Lane Picture Agency, Nature in Stock, Buiten-beeld, Biosphoto, Birdimagency, Auscape, Hedgehog House, San Diego Zoo and Amana.

10.     Plaintiff licenses its works for professional applications including editorial, advertising, corporate and non-profit use.

11.     Plaintiff is the exclusive licensee of iconic photographic image attached hereto as Exhibit A (the "Copyrighted Work").

12.     The Copyrighted Work is an original work of authorship created by Luciano Candisani.

13.     Plaintiff is the exclusive licensee of the copyrights in and to the Copyrighted Work.

14.     On January 23, 2009, on behalf of Mr. Candisani, Plaintiff obtained a registration with the United States Copyright Office for the photographic work entitled Luciano Candisani 2008 Photo Collection on Minden Pictures Website. Attached hereto as Exhibit B is a copy of the certificate for Registration Number VA 1-716-010 obtained from the United States Copyright Office by Plaintiff.

**B.     Defendants' Unlawful Activities**

15.     Plaintiff has discovered NFR Defendant is, and has been, infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

16.     Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at websites located on the internet (herein after the "Infringing Websites"), screenshots of which are attached hereto as Exhibit C.

17.     Upon information and belief, the infringing websites are owned or operated by NFR Defendant.

18.     Upon information and belief, NFR Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff, first downloaded the Copyrighted Work to its computer system and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully reproducing and distributing the Copyrighted Work, where the Copyrighted Work was then publicly displayed without Plaintiff's permission.

19.     Upon information and belief, NFR Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

20.     NFR Defendant's reproduction, distribution, and public display of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

21.     NFR Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's rights.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

22.     Plaintiff realleges the paragraphs above and incorporates them by reference as if fully set forth herein.

23.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

24.     As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

25.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, NFR Defendant had access to the Copyrighted Work prior to the creation of NFR Defendant's infringement.

26.     Upon information and belief, NFR Defendant reproduced, distributed, and publicly displayed the Copyrighted Work at its websites without authorization from Plaintiff.

27.     By its actions, as alleged above, NFR Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work at its websites.

28.     Upon information and belief, NFR Defendant's infringement of Plaintiff's copyrights is willful and deliberate and it has profited at the expense of Plaintiff.

29.     As a direct and proximate result of NFR Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from NFR Defendant's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

30.     At Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of NFR Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

31.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by NFR Defendant, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

33.     NFR Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

34.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

35.     As an alternative theory to its direct infringement claim, in event any of the Defendants contend the infringing conduct described above is done by another, Defendants each had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

36.     By their actions, as alleged above, each of the Defendants' foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

37.     Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyrights are willful and deliberate and Defendants have each profited at the expense of Plaintiff.

38.     As a direct and proximate result of Defendant's contributory infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

39.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff

shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

40.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

41.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

42.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

43.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

44.     As an alternative theory to its infringement claims above, to the extent any of the Defendants contend they did not directly infringe or contributorily infringe Plaintiff's copyrights, Defendants each had the right or ability to supervise the direct infringement described above.

45.     As a result of each Defendants right or ability to supervise the direct infringement described above, Defendants could have prevented or stopped the direct infringement but did not take any action to do so.

46.     Defendants each had a direct financial interest the reproduction, distribution and

public display of the Copyrighted Work and each Defendant benefitted from the direct infringement.

47.     As a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

48.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

49.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

50.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

51.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendants have each infringed Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2.  A declaration that such infringement is willful;

3.  An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of the Copyrighted Work with respect to the unlawful conduct of Defendants.

4.  A declaration that Defendants have violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

5.  Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement and violations of the Digital Millennium Copyright Act or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

6.  Awarding Plaintiff such exemplary and punitive damages from Defendants as the Court finds appropriate to deter any future willful infringement of Defendants and others;

7.  Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

8.  Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

9.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a)    directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

(b)    directly or indirectly removing or altering any copyright management information from, or providing or distributing any false copyright management information in connection with, Plaintiff's Copyrighted Work.

10.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: August 9, 2018

By: */s/ Christina Dines*
Christina M.E. Dines
HODGSON RUSS LLP
140 Pearl Street, Suite 100
Buffalo, NY 14202
Telephone: (716) 848-1744
Email: cdines@hodgsonruss.com

*And*

*/s/ R. Terry Parker*
R. Terry Parker, Esquire
(*pro hac* admission to be sought)
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures Inc.*

11